

# THE ATTORNEY GENERAL
## OF TEXAS

GERALD C. MANN          AUSTIN 11, TEXAS

~~XXXXXXXXXXXXXXXXXXXXXXXX~~
ATTORNEY GENERAL

Honorable Geo. H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:                  Opinion No. 0-4283
                            Re: Construction of "disabled
                               veterans of Foreign Wars"
                               in the amendment to Article
                               2959, R.C.S., by Senate Bill
                               No. 361, Acts of the 47th
                               Legislature.

      Permit us to quote your recent letter requesting an opinion from this Department. It reads:

      "The last session of the legislature amended Article 2959 of the Revised Civil Statutes to read as follows:

      "'A poll tax shall be collected from every person between the ages of twenty-one and sixty who resided in this state on the first day of January preceding its levy, Indians not taxed, persons insane, blind, deaf or dumb, those who have lost a hand or foot, those permanently disabled, and all <u>disabled veterans of foreign wars, where such disability is forty (40%) per cent or more, excepted. . . .'</u>

      "Several of the various tax collectors of this state have called upon this department for advice as to what is the definition of the term disabled veterans of foreign wars. Does this term include soldiers of the World War (a) those who went oversea, and (b) those who did not go oversea?

      "The further question has arisen as to who shall determine the forty per cent disability of such veterans. Would this department be authorized to prescribe the method by which the tax collector should determine the disability of the veteran tax-

payer?  If not, then would the tax collector be auth-
orized to require certificates from the Veterans
Bureau as to the disability of these veteran tax-
payers?"

It is our opinion, in answer to your first question, that
the term "disabled veterans of foreign wars" includes both soldiers
of the World War who went overseas and those who did not go over-
seas if they were otherwise members of the armed forces of the United
States.  In other words, it is not required that a soldier shall have
gone overseas to constitute him a disabled veteran of a foreign war.
Such a limitation would not exist in the absence of an express re-
striction to such effect by the Legislature.

The question of whether a veteran is disabled to the ex-
tent of forty per cent is, of course, one of fact.  The statute
does not provide for or require any particular method of proof.
Obviously the only satisfactory manner in which this fact can be
proved is by the expert testimony of reputable physicians.  The
establishment of a veteran's disability for compensation from the
Federal Government is in this way.  A certificate from the Veterans
Bureau would be based upon such proof.

It is our opinion that your department is authorized to
prescribe the method by which the tax collector should determine
the disability of the taxpayer and require that the tax collector
should accept as proof of the requisite disability either the af-
fidavit of a reputable physician or a certificate from the Veterans
Bureau.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By  /s/ Zollie C. Steakley
        Zollie C. Steakley
            Assistant

ZCS:N:LM

APPROVED JAN 12, 1942

/s/ Grover Sellers

FIRST ASSISTANT
ATTORNEY GENERAL

APPROVED
OPINION
COMMITTEE

BY /s/ BWB
    CHAIRMAN